Bell v. Noe.

MRS. CATHERINE BELL *v.* J. C. NOE.

(*Knoxville.*     September Term, 1909.)

1.  **COURT OF CIVIL APPEALS.**  Has exclusive appellate juris-
    diction in suit to assert right to homestead which is not an
    ejectment suit.

    A bill in chancery to assert complainant's right to a homestead
    in certain described land is not an ejectment suit, and as the
    homestead estate cannot exceed one thousand dollars in value,
    the appellate jurisdiction is exclusively in the court of civil
    appeals, and not in the supreme court.

    Acts cited and construed:   Acts 1907, ch. 82, sec. 7.

2.  **SAME.**  Supreme court will transfer causes to it where it has
    the appellate jurisdiction.

    Where the appellate jurisdiction is exclusively in the court of
    civil appeals, and the cause is erroneously appealed to the su-
    preme court, the same will be transferred by the supreme court
    to the court of civil appeals.

    Acts applied, though not cited:   Acts 1909, ch. 192.

FROM HAMBLEN.

Appeal from the Chancery Court of Hamblen County.
HUGH G. KYLE, Chancellor.

PARK & PARK, for complainant.

MCCANLESS & TATE, for defendant.

MR. JUSTICE NEIL delivered the opinion of the Court.

The bill in this case, as finally amended, seeks only to assert complainant's right to a homestead in certain land described. This estate cannot exceed $1,000 in value. The appellate jurisdiction is therefore exclusively in the court of civil appeals. Acts 1907, p. 233, c. 82, sec. 7. This is not an ejectment suit.

An order will be entered directing the transfer of the cause.